# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 2:08-cr-16-NR |
| DEON REESE, | ) 2:19-cr-257-NR |
| Defendant. | ) |

## MEMORANDUM ORDER

In Case No. 19-257, Defendant Deon Reese faces several robbery- and firearms-related charges. He allegedly committed these crimes while on supervised release in Case No. 08-16, and so also faces a supervised-release violation petition in that case. The Magistrate Judge ordered Mr. Reese detained pending trial and final revocation proceedings, and Mr. Reese has now moved for this Court to reconsider those detention orders. *See* ECF 169 at Case No. 08-16; ECF 82 at Case No. 19-257. The Court has reviewed the transcript and evidence from the detention hearing, as well as the parties' briefs, supporting documentation, and correspondence to the Court. After careful review, the Court will deny the motions, and order Mr. Reese detained pending trial and revocation.

## LEGAL STANDARD

Under the Bail Reform Act, "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the magistrate judge's detention order *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "[No] additional or independent evidentiary hearing [is required] by the district court, and the court may incorporate the transcript of the [detention] proceeding before the magistrate judge, including any admitted exhibits." *United States v. Talbert*, No. 20-266, 2020 WL 6048788, at *3 (W.D. Pa. Oct. 13, 2020) (citation omitted) (Ranjan, J.). "The rules concerning

admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2)(B).

While there are two applicable standards of review that apply here due to the different postures of Mr. Reese's two cases, the Court need only apply the more stringent standard because, at a minimum, this is the standard that Mr. Reese must meet to obtain release. In Case No. 08-16, Mr. Reese is charged with violating the conditions of supervised release. Section 3143(a)(1) governs whether an individual is detained pending resolution of his alleged violation of supervised release. *See* Fed. R. Crim. P. 46(d) & 32.1(a)(6). Section 3143(a)(1) presumes that the individual must be detained, unless he shows "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Thus, the defendant bears the burden of showing that detention is not warranted. *Id.*; Fed. R. Crim. P. 32.1(a)(6) ("The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.").[1]

In determining whether the individual has met his burden by clear and convincing evidence, the Court weighs the evidence in light of the four factors of Section 3142(g): (1) the nature and circumstances of the offense charged, including

---

[1] Additionally, the Bail Reform Act presumes, subject to rebuttal, that detention is warranted if there is probable cause to believe that the individual committed an offense under 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e)(3). In Case No. 19-257, Mr. Reese has been indicted for various robbery and firearms crimes, which implicate this rebuttable presumption. Thus, while these alleged criminal acts form the basis for his supervised-release violation, they also, standing alone, trigger a separate standard of review. That is, for these charges, under Section 3142(e), Mr. Reese is subject to a rebuttable presumption of detention. If he comes forward with some credible evidence that he is not a flight risk or danger, then the burden shifts to the government to prove by clear and convincing evidence that Mr. Reese should not be released. In the end, however, the different burdens don't make much of a difference—whether Mr. Reese or the government bears the burden, the Court finds that the clear and convincing evidence here shows that Mr. Reese remains a danger to the community and must be detained pending trial and revocation.

whether the offense is a "crime of violence" or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character; physical and mental condition; family; employment; finances; length of residence; ties to community; drug abuse history; criminal history; record of appearance at court proceedings; and whether he was on bond, probation, or parole at the time of the charged offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## DISCUSSION & ANALYSIS

After reviewing *de novo* the relevant Section 3142(g) factors and the record before Magistrate Judge Kelly, the Court finds that Mr. Reese has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Detention is therefore warranted.

### I. Nature and circumstances of the offense charged.

In his indictment in Case No. 19-257, Mr. Reese is charged with several serious offenses, the underlying acts of which gave rise to his supervised-release violation: Hobbs Act robbery (Count I), conspiracy to commit Hobbs Act robbery (Count II), discharge of a firearm during a crime of violence (Count III), and possessing ammunition as a felon (Count IV). *See* ECF 1 at Case No. 19-257. Clearly, then, Mr. Reese's charged offenses, and their underlying actions, are crimes of violence, as well as involved a firearm. *See* 18 U.S.C. § 3142(g)(1).

Further, the nature and circumstances of Mr. Reese's alleged acts are serious and dangerous. Mr. Reese concedes this. ECF 173, p. 2 ("Mr. Reese concedes that the charges filed against him are serious.").[2] As the government presented at the detention hearing, Mr. Reese allegedly conspired with another individual to invade a

---

[2] Unless otherwise noted, any citations to an ECF number relate to Mr. Reese's supervised-release-violation case, *i.e.*, Case No. 08-16.

person's home and rob them. *See* ECF 171, pp. 8-13; ECF 172-6. In carrying out this robbery, Mr. Reese shot the victim in the chest at close range, which required the victim to undergo multiple surgeries. *See* ECF 172-2, pp. 4, 6, 15. The Court finds that this factor strongly weighs in favor of detention, as it shows that Mr. Reese would be both a flight risk and a danger to society if released.

## II.   Weight of the Evidence.

The Court concludes that this second factor also weighs in favor of detention.

To begin with, sufficient probable cause exists for Mr. Reese to be indicted on these charges. Additionally, a cellphone containing significant indicia that it belonged to Mr. Reese was found in the victim's residence after the robbery. *See* ECF 171, pp. 9-12. The cellphone also contained text messages discussing the planning of the robbery. ECF 172-6. As well, the victim, while under oath, identified Mr. Reese as the individual who had shot and robbed him, including by identifying Mr. Reese as having a unique hand tattoo that the victim saw on the shooter's hand shortly before being shot. *See* ECF 172-2, pp. 4-6.

While the parties dispute the weight of the evidence, including the reliability and probity of certain evidence that the Court need not address here, the Court finds that overall, the weight of the evidence is sufficiently weighty to favor detention. And equally important, given the evidence discussed above, the Court does not find that there is a sufficient *lack* of evidence to allow Mr. Reese to meet his burden.

## III.   History and characteristics of Mr. Reese.

The Court finds that this third factor weighs in favor of detention.

Significantly, Mr. Reese committed the criminal acts he's charged with while on supervised release. What's more, Mr. Reese was previously convicted of illegally possessing a firearm and ammunition as a convicted felon. ECF 27. And now, he faces that same charge again, as well as a charge that he *discharged a firearm* during a crime of violence. *See* ECF 1 at Case No. 19-257. The Court finds that this is strong

evidence that Mr. Reese would be a flight risk and a danger to society if released, as it shows he is unwilling to follow the conditions of his release and to abide by the law. *See United States v. Harris*, No. 13-59, ECF 277, p. 8 (W.D. Pa. Apr. 16, 2020) (Ranjan, J.) ("The best predictor of how a defendant will behave if he were to be released is how he behaved when released in the past." (cleaned up)); *United States v. Jackson*, No. 20-161, 2020 WL 3056444, at *6 (D.N.J. June 9, 2020) ("Most tellingly, Defendant committed the present offense . . . while out on pretrial release. This establishes an obvious willingness to violate conditions of release.").

Additionally, Mr. Reese's criminal history weighs in favor of detention. His criminal history includes a conviction for aggravated assault, and several firearm offenses. *See* ECF 1 at Case No. 19-257, p. 4. And he now faces charges that arise from him allegedly robbing and shooting another individual. These considerations reveal that Mr. Reese would be a danger to society if released.

To counter, Mr. Reese points to his familial and employment connections to Pittsburgh, where he has lived for his entire life. He also points to the fact that he does not appear to have any history of drug or alcohol abuse. ECF 169, pp. 4-6. While these facts do weigh in his favor, they do little to overcome his significant criminal history, including a history of violent crimes.

Mr. Reese also cites, as a basis for his release, various medical conditions, and a risk of contracting COVID-19 while in detention. But upon reviewing his medical records, the Court has some doubt as to the validity of his arguments, including a purported medical episode that Mr. Reese experienced while at Butler County Prison—indeed, the notation in the medical record reflects that the medical staff had reason to believe that he was fabricating the incident. *See* ECF 169-7, p. 11. Mr. Reese also has cited other medical conditions that reflect an increased risk of serious effects from COVID-19—but his main risk factor is asthma, and the facility appears to be providing treatment. Beyond that, there is nothing to suggest an increased risk

of contracting COVID-19 at the Butler County Prison at this time, such as an uncontrolled outbreak or a dearth of vaccines. And even so, concerns of exposure to COVID-19 while in prison generally does not render one any less of a risk of flight or a danger to the community if released. *See, e.g.*, *United States v. Stevenson*, No. 16-189, 2020 WL 3104062, at *2 (W.D. Pa. June 11, 2020) (Fischer, J.) ("As other courts have recognized, COVID-19 has no bearing on whether Defendant is a flight risk or a danger to the community." (cleaned up)).

Overall, weighing Mr. Reese's history and characteristics, the Court concludes that this factor weighs in favor of detention.

### IV. Nature and seriousness of the danger to any person or the community that would be posed by Mr. Reese's release.

The Court concludes that this final factor also weighs in favor of detention. As already discussed, Mr. Reese's current charges arise from him allegedly robbing and shooting an individual in the chest. Mr. Reese, now, also has a history of violating his conditions of release, and possessing firearms and ammunition when he knows he is not permitted to do so. Further, after the victim identified Mr. Reese in court as the shooter, Mr. Reese expressed a desire to contact the victim, and attempted to convince others to do so while Mr. Reese was in jail. *E.g.*, ECF 172-3, pp. 4, 20; ECF 172-4, pp. 11-12, 17. The Court thus finds that if Mr. Reese were released, he would pose a danger to society, including to the victim.

For all of these reasons, the Court concludes that Mr. Reese has failed to meet his burden of establishing by clear and convincing evidence that he will not flee or

pose a danger to any other person or to the community. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). Detention is therefore appropriate.

## **CONCLUSION**

Accordingly, it is hereby **ORDERED** that Mr. Reese's Motions for Reconsideration of Detention Order (ECF 169 at Case No. 08-16; and ECF 82 at Case No. 19-257) are **DENIED**.

DATE: May 26, 2021                                BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge