# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 2:19-cr-257-NR |
| DEON REESE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

A grand jury indicted Deon Reese for four counts: Hobbs Act robbery; conspiracy to commit Hobbs Act robbery; discharge of a firearm in furtherance of a crime of violence; and possession of ammunition by a convicted felon. ECF 1. Mr. Reese has filed five motions to dismiss.[1] ECF 88; ECF 89; ECF 90; ECF 91; ECF 92. After carefully considering the arguments raised in these motions, the Court denies them for the following reasons.

First, Mr. Reese moves to dismiss the indictment for lack of subject-matter jurisdiction. ECF 88. He argues that the Court lacks subject-matter jurisdiction over his case because certain administrative procedures were not followed, he is not a "person" subject to the criminal code, and this case falls "within the Admiralty Jurisdiction of the United States District Court." But there is no legal basis supporting these arguments, and the Court finds that it clearly has jurisdiction over this case asserting violations of federal law. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The Court denies this motion.

Second, Mr. Reese moves to dismiss the indictment under Rule 6(b) of the Federal Rules of Criminal Procedure, arguing that his rights were violated because

---

[1] Mr. Reese also filed a motion to suppress (ECF 94), which the Court addresses by separate order.

he was unable to challenge the qualifications and selection of the grand jurors who indicted him. ECF 89. Under Rule 6(b)(2), dismissal on this ground is governed by 28 U.S.C. § 1867(e), which establishes that "[t]he procedures prescribed by [section 1867]" control. 28 U.S.C. § 1867(e). Section 1867(d), in turn, first requires "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title[.]" Mr. Reese faces a high burden for dismissal on this ground, and the absence of the requisite "sworn statement of facts …[showing] a substantial failure to comply" is fatal to his motion. *See, e.g.*, *United States v. Tucker*, No. 05-440, 2011 WL 1598983, at *1 (E.D. Pa. April 28, 2011); *United States v. Menendez*, No. 15-155, 2015 WL 5703236, at *1-2 (D.N.J. Sept. 28, 2015). The motion is therefore denied.

Third, Mr. Reese moves to dismiss the indictment on the basis that Congress lacks the authority to criminalize his conduct—that is, he argues that Congress's authority under the Commerce Clause does not permit Congress to criminalize the robbery-related offenses on which Mr. Reese is charged. ECF 90. Likewise, he separately moves to dismiss Counts I & II on similar grounds. ECF 92. The Supreme Court, however, has rejected Mr. Reese's arguments, so both motions are denied.[2] *See Taylor v. United States*, 136 S. Ct. 2074, 2080-81 (2016); *Gonzales v. Raich*, 545 U.S. 1, 17, 22 (2005).

Finally, Mr. Reese moves to dismiss Count III, which charges him with discharging a firearm in furtherance of a crime of violence. Mr. Reese argues that this count must be dismissed because a Hobbs Act robbery "is categorically not a crime of violence, and hence not a [Section] 924(c) predicate offense." ECF 91. The

---

[2] As well, Mr. Reese's arguments about the sufficiency of the government's evidence against him fall short, as a motion to dismiss is not the proper vehicle for those arguments. *See United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." (citations omitted)).

Third Circuit's recent decision in *Walker*, however, forecloses Mr. Reese's argument.[3] *See United States v. Walker*, 990 F.3d 316, 324-26 (3d Cir. 2021) ("[W]e conclude that completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence."); *see also* 18 U.S.C. § 924(c)(3)(A); 18 U.S.C. § 1951(b)(1). So this motion is also denied.

*******************

Accordingly, this **27th day of September, 2021**, it is **hereby ORDERED** that Defendant's motions to dismiss (ECF 88; ECF 89; ECF 90; ECF 91; ECF 92) are **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] Mr. Reese acknowledges this binding authority, but moves to dismiss in order to preserve this issue for appeal.