# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) 19-cr-257 |
| | ) |
| DEON REESE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Mr. Reese's motion to dismiss Count IV of the superseding indictment [ECF 187]. Mr. Reese was charged with violating 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm or ammunition by a felon. Now, a week short of trial, he challenges the constitutionality of that statute both on its face and as applied to Mr. Reese. The Court has reviewed Mr. Reese's motion, the government's response [ECF 188], and the growing number of decisions from district courts in this Circuit and across other circuits addressing similar arguments, including the thorough and well-reasoned analysis of Judge Schwab in *United States v. Young*, No. 22-54 (W.D. Pa. Nov. 7, 2022). For the reasons discussed below, the Court denies Mr. Reese's motion.

Mr. Reese relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), for the proposition that Section 922(g) is unconstitutional on its face. That reliance is misplaced.

The Supreme Court in *Heller* stated, "the Second Amendment is not unlimited," and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *D.C. v. Heller*, 554 U.S. 570, 626 (2008). *Bruen* is clearly consistent with that conclusion, "In this case, petitioners and respondents agree that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent

with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122; *see also id.* at 2162 (Kavanaugh, J., concurring) (underscoring *Bruen*'s consistency with *Heller* and *McDonald*, and their prohibition on possession of firearms by felons). *Bruen* makes clear it addresses the Second Amendment rights of "ordinary, law-abiding citizens," a group to which Mr. Reese does not belong. The Court therefore finds that Section 922(g) remains constitutional in light of *Heller* and *McDonald*, and *Bruen* does not alter that conclusion. *See e.g.*, *Young*, No. 22-54, at 13 ("*Bruen* does not effectively overrule, or even cast into doubt, the legal underpinnings of felons in possession statutes as established in *Heller* and *McDonald*."); *United States v. Minter*, No. 22-135, 2022 WL 10662252, at \*3-5 (M.D. Pa. Oct. 18, 2022) (holding that *Bruen* did not overrule *Heller*'s statements as to felon-in-possession laws).

But even if *Bruen* did overrule *Heller* on this point, that would require this Court to engage in a historical analysis of Section 922(g). The Third Circuit has already done so, and found that the historical understanding of the Second Amendment did not include felons in possession (so-called "unvirtuous citizenry"). *See Binderup v. Att'y Gen. United States of Am.*, 836 F.3d 336, 348 (3d Cir. 2016) (en banc) ("Turning to the first hurdle of step one, we look to the historical justification for stripping felons, including those convicted of offenses meeting the traditional definition of a felony, of their Second Amendment rights. Most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" (cleaned up)), *abrogated on other grounds by Bruen*; *Young*, No. 22-54, at 15-16 (view expressed in *Bindercup* "is consistent with the historical tradition, and as set forth in the Court of Appeals for the Third Circuit, as the right to bear arms has been linked

- 3 -

with the concept of 'virtuous citizenry,' while also allowing the dispossession by 'unvirtuous citizens.'" (cleaned up)). So, the motion is denied for that reason, as well.

Lastly, while the Third Circuit does permit challenges to Section 922(g) as applied to individuals, Mr. Reese has "not set forth with any particularity the basis for his as-applied challenge, separate from his arguments supporting his facial challenge," rendering unnecessary the need for any additional analysis. *Minter*, 2022 WL 10662252, at *7 n.9. Thus, any as-applied challenge fails here.

Dated: November 8, 2022                    BY THE COURT:

                                                              */s/ J. Nicholas Ranjan*
                                                              J. Nicholas Ranjan
                                                              United States District Judge