IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 19-cr-257 |
| | ) |
| DEON REESE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Mr. Reese's motion to dismiss Counts I through III of the superseding indictment [ECF 194]. Mr. Reese makes two arguments in support of his motion. After careful review, the Court **DENIES** the motion.

First, Mr. Reese argues that the theft of a quantity of drugs in the course of a robbery does not create a sufficient effect on interstate commerce for the government to invoke jurisdiction under the Hobbs Act and prosecute Mr. Reese. ECF 194, ¶ 9. This argument is similar to the one Mr. Reese made in his June 15, 2021, motion to dismiss for lack of constitutional authority and lack of subject matter jurisdiction. ECF 90. The Court rejected that argument based on *Taylor v. United States*, 136 S. Ct. 2074, 2080-81 (2016), and the Court rejects the instant argument for the same reason. The Court acknowledges that Mr. Reese has raised this argument for the purposes of preserving the record for a future appeal, in the event the Supreme Court overrules *Taylor*. But since *Taylor* remains good law, Mr. Reese's argument fails.

Second, Mr. Reese challenges the federal government's authority to prosecute him, arguing that that is intrusive on the Commonwealth of Pennsylvania's police powers. ECF 194, ¶ 10. But it is a basic tenant of our federalist system that "the Constitution does not deny the State and Federal Governments the power to prosecute for the same act" under the doctrine of dual sovereignty. *Rinaldi v. United*

*States*, 434 U.S. 22, 28 (1977).  The Constitution does not afford Mr. Reese the right to forum shop for his preferred sovereign to prosecute him.[1]

Mr. Reese cites *Bond v. United States,* 572 U.S. 844 (2014), for support, but that case is inapposite.  *Bond* concerned the absence of a clear statement of intent by Congress that the Chemical Weapons Convention Implementation Act of 1988, and its provision proscribing possession of a chemical weapon, was meant to cover local criminal conduct.  *Bond*, 572 U.S. at 860.  The Hobbs Act, by contrast, "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence."  *United States v. Rutherford*, 236 F. App'x 835, 839 (3d Cir. 2007) (citation omitted); 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.").  Thus, there are no federalism concerns implicated here.

Dated: November 9, 2022                                    BY THE COURT:

                                                           */s/ J. Nicholas Ranjan*
                                                           J. Nicholas Ranjan
                                                           United States District Judge

---

[1] Notably, Mr. Reese is not simultaneously being prosecuted by the County, as the state charges were dismissed in light of the federal charges.