**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:19-CR-257 |
| | ) | |
| DEON REESE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court is Defendant Deon Reese's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 296). After reviewing the parties' submissions (ECF 296, 300), the Court denies Mr. Reese's motion for the reasons below.

**I. Mr. Reese has not exhausted all administrative remedies.**

Before filing a motion for compassionate release, a defendant must first request that the Bureau of Prisons file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). If that request is denied, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf" or wait thirty days after the filing of his appeal. *Id.* Mr. Reese has not shown that he followed any of the required administrative steps. For this reason alone, Mr. Reese's motion fails.

**II. Mr. Reese does not demonstrate that extraordinary and compelling reasons warrant his release.**

Even assuming Mr. Reese exhausted his remedies, his motion still fails on the merits. Mr. Reese offers several reasons for his release. Most prominently, he cites family circumstances relating to his two young sons, his own medical conditions, and his safety in prison. None of these reasons are persuasive.

*First*, Mr. Reese does not demonstrate that he is the only possible caregiver for his children. The Sentencing Guidelines advise that compassionate release on this basis is appropriate where family circumstances render the defendant "the only available caregiver" for a family member. U.S.S.G. § 1B1.13(b)(3). Judges in this district have consistently denied compassionate release requests that fail to clear this bar, and the Court here agrees with those decisions. *See, e.g.*, *United States v. Corbin*, Crim. Nos.11-206, 12-126, 2025 WL 841790, at *3 (W.D. Pa. Mar. 18, 2025) (Horan, J.); *United States v. Jones*, Crim. No. 13-252, 2021 WL 1060218, at *9–11 (W.D. Pa. Mar. 18, 2021) (Conti, J.). Mr. Reese does not allege that he is the only available caregiver for his children. Rather, Mr. Reese's motion demonstrates that his children's mother is currently their primary caregiver. ECF 296-2.

*Second*, Mr. Reese does not demonstrate that he suffers from a medical condition that USP McCreary is not treating or unable to treat. U.S.S.G. § 1B1.13(b)(1)(C). Mr. Reese instead demonstrates that he is being provided multiple medications for asthma, back pain, high blood pressure, and mental health problems. ECF 296, at 2. Nothing suggests that Mr. Reese's conditions cannot be treated in prison.

*Third*, Mr. Reese's alleged safety concerns do not warrant release. Mr. Reese states that he was threatened by a prison gang. *Id.* at 2–3. He also alludes to a previous incident where he was assaulted during a previous incarceration. *Id.* at 3. These allegations are unavailing. The Sentencing Guidelines advise that a defendant can be eligible for compassionate release if, *while serving the sentence sought to be*

*reduced*, he is abused by or at the direction of a correctional officer or agent of the Bureau of Prisons. U.S.S.G. § 1B1.13(b)(4) (emphasis added). Mr. Reese does not allege that, while serving his current sentence, he has been abused, or that he has suffered any injuries at the hands of the BOP.

**III. The sentencing factors weigh against Mr. Reese's release.**

Even if Mr. Reese had established an extraordinary and compelling reason for release, his release would be at odds with the 18 U.S.C. § 3553 sentencing factors, and so must be denied on that basis. Mr. Reese is imprisoned for a violent robbery that left an individual severely wounded. He has a significant history of prior offenses and recidivism. Throughout his court proceedings, Mr. Reese did not accept responsibility for his actions, showed little remorse, and attempted to bribe and threaten a witness out of testifying.[1] Considering the severity of Mr. Reese's actions, his recidivist history, and the need to protect the public, it would be at odds with the Section 3553 factors and therefore inappropriate to grant Mr. Reese's request for compassionate release.

******************

For the foregoing reasons, it is hereby **ORDERED** that Mr. Reese's Motion for Compassionate Release (ECF 296) is **DENIED.**

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[1] While the Court notes that Mr. Reese has completed various rehabilitative programs while incarcerated (ECF 296-1), which is commendable, it still finds that Mr. Reese's current sentence is warranted.

cc:
Deon Reese
USMS 09997-068
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635